MICHAEL T. RISHER (SB# 191627)
mrisher@aclunc.org
LINDA LYE (SB# 215584)
llye@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

HANNI FAKHOURY (SB# 252629)
hanni@eff.org
LEE TIEN (SB# 148216)
tien@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiffs
JOHN DOE, *et al.*
on behalf of themselves and others similarly
situated

FILED
2012 NOV -7  A 9: 52
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

TEH

| | |
|---|---|
| JOHN DOE, *et al.*, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>KAMALA D. HARRIS, *et al.*,<br><br>    Defendants. | Civil Case No. C 12 5713<br><br>*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

Plaintiffs hereby request, pursuant to FRCP 65 and Civil Local Rules 7-10 and 65-1, that the Court issue a temporary restraining order and an order to show cause why a preliminary injunction should not issue. Counsel provided detailed notice to the Attorney General one week ago; we have since discussed the case with her office and have served her office electronically with all papers before filing them with this Court, as we agreed to do. See Declaration of Michael Risher ¶¶ 9-13 & Ex. 3 (service list); *see also id.* ¶¶ 3-8 & Ex. 2 (October 31, 2012 letter). Plaintiffs do *not* seek a TRO or preliminary injunction against Defendant City of Alameda, although they have also provided notice to that Defendant, as well as the documents filed today. *See id.* ¶ 7. They do seek class provisional certification, as discussed in their motion for class certification, and request that the Court also consider that motion in conjunction with Plaintiffs' request for a TRO.

## NEED FOR TEMPORARY RESTRAINING ORDER

Plaintiffs seek a TRO to prohibit the state from enforcing a new statute that criminalizes constitutionally protected online anonymous speech and imposes burdensome reporting requirements on the online speech, whether anonymous or not, of every person convicted after 1944 of any sex-related offense that requires registration, including misdemeanors such as indecent exposure ("registrants"). The law, the Californians Against Sexual Exploitation Act ("CASE Act" or "Act"), was enacted by voter initiative yesterday and is effective today.[1] A copy of the initiative is attached as Exhibit 1 to the Risher Declaration, with the parts most relevant to this case highlighted. The Act expressly requires all of the 73,900 current California registrants currently living in the community to *"immediately"* provide the police with information about their access to and use of the Internet for expressive purposes, including comments on newspaper websites and online political discussion groups, and then update that information within 24 hours of creating

---

[1] "The California Constitution expressly provides that an initiative measure approved by the voters takes effect the day after the election." *People v. Superior Court (Clark)*, 22 Cal.App.4th 1541, 1546 (1994) (citing Cal. Const., art. II, § 10(a)). This provision means what it says. *See id.* ("Proposition 115 was approved by the voters June 5, 1990, and therefore it became effective on June 6, 1990.").

1
*EX PARTE* APPLICATION FOR TRO AND OSC WHY PRELIM INJUNCTION SHOULD NOT ISSUE

new accounts or using new service providers.[2] A failure to comply with any of these new requirements is a crime, often a felony.[3] Tens of thousands of Californians, many of whom may not have been in trouble with the law for years or decades, thus face arrest and prosecution if they fail to take the affirmative steps necessary to comply with this unconstitutional new law.

Immediate relief is necessary because this new law violates the First Amendment, in part because it criminalizes constitutionally protected anonymous speech. As a matter of law, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373-74 (1976); *Sammortano v. First Jud. Dist. Court*, 303 F.3d 959, 973 (9th Cir. 2002). This case presents an extreme example of why this is so: if registrants turn over information about their Internet use to the government, they will have been irreparably stripped of their anonymity. If they fail to do so, they risk immediate arrest and prosecution. And the new requirement that registrants report new Internet identifiers or service providers to the police within 24 hours is a burden that will chill speech.

Three federal courts have invalidated or enjoined the enforcement of laws that similarly required sex offenders to provide the government with identifying information about their online speech. *See White v. Baker*, 696 F. Supp. 2d 1289 (N.D. Ga. 2010) (issuing preliminary injunction against similar law); *Doe v. Nebraska*, _ F.Supp.2d _, 2012 WL 4923131 (D. Neb. 2012) (order and opinion after trial); *Doe v. Shurtleff*, 2008 WL 4427594 (D. Utah Sept. 25, 2008) (summary judgment), order vacated after law amended, 2009 WL 2601458 (D. Utah Aug 20, 2009), *aff'd*, 628 F.3d 1217 (10th Cir. 2010). For the reasons discussed in those cases, in Plaintiffs' Memorandum of Points and Authorities in Support of Preliminary Injunction, and below, this Court should do the same.

## GROUNDS FOR APPLICATION

"The standard for issuing a TRO is the same as that for issuing a preliminary injunction." *Walker v. County of Santa Clara*, 2011 WL 4344212 at *2 (N.D. Cal. 2011) (citations omitted).

---

[2] CASE Act §§ 11-13, codified at Cal. Penal Code §§ 290.014(b), 290.015(a)4-6, 290.024(a), (b). California's registration law categorically applies retroactively. *See id.* § 290.03.
[3] *See id.* § 290.018(a)-(c).

2

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). If plaintiffs show a "likelihood of irreparable injury and that the injunction is in the public interest," a "preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

As discussed above, Plaintiffs face serious, imminent, and irreparable harm. A TRO is in the public interest because "it is *always* in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citation omitted, emphasis added). The balance of equities tips in Plaintiffs favor for this same reason, because a TRO will simply maintain the status quo and because it does not appear that the state is even in a position to collect and use the information that the new law requires it to collect. And Plaintiffs are likely to succeed on the merits for the following four reasons:

**First**, the Act is overbroad because it criminalizes constitutionally protected anonymous speech but is not narrowly tailored because it restricts far too much anonymous speech by too many speakers, and allows the information to be used for too many purposes. "Under our constitution, anonymous [speech] ... is not a pernicious, fraudulent practice, but an honorable tradition of advocacy and of dissent." *McIntyre v. Ohio Elections Comm.*, 514 U.S. 334, 357 (1995); *see In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011). The statute prohibits all anonymous speech, even if it pertains to news, politics, and professional activity and could not possibly be used to commit a crime (such as commenting on a newspaper website). The statute also applies to all registrants, regardless of the severity, type, or age of the underlying offense and whether it had any connection whatsoever to the Internet or to children. Only 1% of sex crimes against children involve any sort of technology, and even fewer involve the use of the Internet. Registered sex offenders make up only two to four percent of persons arrested for

technology-facilitated sex crimes against youth. And after a number of years in the community without a new arrest, sex offenders are less likely to re-offend than a non-sex offender is likely to commit an "out of the blue" sexual offense. Thus, the Act criminalizes many types of anonymous speech, and the speech of many people, that do not pose the dangers with which the statute is concerned. Because the law "burden[s] substantially more speech than is necessary to further" the government's interests, it is facially invalid under the First Amendment under any level of scrutiny. *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 944 (9th Cir. 2011); *see Simon and Schuster, Inc. v. New York State Crime Victims Bd.*, 502 U.S. 105, 118, 122 & n.\* (1991).

**Second**, the Act is unconstitutional because it imposes burdensome registration requirements on a great deal of non-anonymous online speech by registrants, but is not narrowly tailored to its stated goals, for the reasons set forth above.

**Third**, the Act violates due process because it is impossibly vague. A law is void for vagueness is it "fails to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited.... or abuts upon sensitive areas of basic First Amendment freedoms." *Hunt v. City of Los Angeles*, 638 F.3d 703, 712 (9th Cir. 2011) (citations and numbering omitted). This new law requires registrants immediately to report all "Internet service providers" and "Internet identifiers," but the definitions of these terms leave it entirely unclear whether they trigger reporting obligations for connecting to a wireless network at a coffee shop or hotel, creating an account on a new service with the same user name as that used on a different service, or buying something from an online retailer, such as Amazon.com, that requires the creation of an account and allows for customer reviews. The statute is also unclear as to whether a registrant must report all "Internet service providers" and "Internet identifiers" she has ever used or only those currently in active use. The vague definitions do not give registrants sufficient notice of what they need to report to comply with the law, a vagueness that is particularly intolerable given the free speech rights implicated and the severe criminal penalties for failure to comply. *See id.* at 712-13.

**Fourth**, the Act is unconstitutional because it violates registrants' associational rights by

potentially compelling disclosure of their participation in online forums organized by political and other groups and by compelling disclosure of the identity of other registrants with whom they discuss political issues. *See NAACP v. Alabama*, 357 U.S. 449, 458 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159-60 (9th Cir. 2010).

The law "clearly favors granting preliminary injunctions to a plaintiff ... who is likely to succeed on the merits of his First Amendment claim." *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009). That is the case here, particularly because the harm that Plaintiffs face is serious and irreparable, and because it does not appear that the government is even in a position to use this information, particularly if all 73,900 registrants living in the community were suddenly to show up at local police departments with lists of their online identifiers and ISPs.

## RELIEF SOUGHT

Plaintiffs respectfully request that the Court grant this *ex parte* motion as follows:

1. First, Plaintiffs request that the Court issue an immediate temporary restraining order, pending a hearing on the request for a preliminary injunction, that enjoins Defendant HARRIS, including her officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with, from implementing and enforcing Cal. Penal Code §§ 290.014(b) and 290.015(4)-(6), as enacted by Proposition 35, or from otherwise requiring registrants to provide identifying information about their online speech to the government. Because Defendant HARRIS is the chief law-enforcement officer of the state, this order will bind all California state and local law-enforcement officers. *See American Civil Liberties Union v. Johnson*, 194 F.3d 1149, 1163 (10th Cir. 1999); *see also* Ca. Const. art. V § 13; Ca. Gov't Code §§ 12511, 12512. Plaintiffs have filed herewith a motion for class certification, asking that the Court provisionally certify a class so that all 73,900 registrants will be covered by this Court's order. The proposed class is defined as "all persons who are required to register under California Penal Code § 290, including those whose duty to register arises after the class has been certified."

2. Second, Plaintiffs ask the Court to issue an order to show cause why a preliminary injunction

should not issue to enjoin Defendant from implementing and enforcing these same laws, and set a hearing on the motion for a preliminary injunction.

This motion is based on this *Ex Parte* Application and the following documents that are being filed herewith:

1. Class Action Complaint for Declaratory and Injunctive Relief
2. Memorandum of Points and Authorities In Support of Temporary Restraining Order and Preliminary Injunction
3. [Proposed] Temporary Restraining Order and Order to Show Cause
4. Declaration of John Doe (filed under partial seal)
5. Declaration of Jack Roe (filed under partial seal)
6. Supplemental Declaration of Jack Roe
7. Declaration of Janice Bellucci
8. Declaration of David G. Post
9. Declaration of Brian Abbott
10. Declaration of David Finkelhor
11. Declaration of R. Karl Hanson
12. Declaration on Charlene Sheen
13. Declaration of Michael T. Risher re: Notice and In Support of Administrative Motion for Leave to Proceed Anonymously and to File Portions of Declaration Under Seal
14. Notice of Motion and Motion; Points and Authorities In Support of Class Certification
15. Declaration of Linda Lye ISO Class certification
16. Declaration of Lee Tien ISO Class certification
17. [Proposed] Order Certifying Class
18. Administrative Motion For Leave to Proceed Anonymously and to File Portions of Declarations Under Seal

19. [Proposed] Order Granting Motion For Leave to Proceed Anonymously and to File Portions of Declarations Under Seal

20. Declination to Proceed Before Magistrate Judge

21. Certification of Interested Parties

and the complete files and records of this action; and such other and further matters as the Court may properly consider.

DATED: November 7, 2012

Respectfully submitted,

By: _____

Michael T. Risher
Linda Lye
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Hanni Fakhoury
Lee Tien
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiffs
JOHN DOE, *et al.*, on behalf of themselves and others similarly situated