FILED

2012 NOV -7 A 9: 52

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL T. RISHER (SB# 191627)
mrisher@aclunc.org
LINDA LYE (SB# 215584)
llye@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

HANNI FAKHOURY (SB# 252629)
hanni@eff.org
LEE TIEN (SB# 148216)
tien@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiffs
JOHN DOE, et al.
on behalf of themselves and others similarly situated

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE, et al., on behalf of themselves and others similarly situated,

    Plaintiffs,

vs.

KAMALA D. HARRIS, et al.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. C 12 5713

DECLARATION OF MICHAEL T. RISHER RE NOTICE AND ISO ADMINISTRATIVE MOTION TO PROCEED ANONYMOUSLY AND FILE PORTIONS OF DECLARATIONS UNDER SEAL

DECLARATION OF MICHAEL T. RISHER

I, Michael T. Risher, declare as follows:

1. I am a Staff Attorney with the American Civil Liberties Union Foundation of Northern California and counsel for Plaintiffs in this action. I am admitted to the bar of the United States District Court for the Northern District of California. The following facts are based on my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. Attached to this declaration as Exhibit 1 is a true copy of the Text Proposition 35, with the provisions that I believe are most relevant to this lawsuit highlighted.

3. On October 30, 2012, I sent an email to a Deputy Attorney General with the Government Law Section of the California Department of Justice who is defending another facial challenge to a California statute that I am litigating, informing him that "[i] If Proposition 35 passes next week my office is planning to challenge the part of it that will require all persons who must register under Penal Code Section 290 to immediately provide their internet identifiers and ISPs to the police. We will likely be asking for a TRO." In this email I requested that his office provide me with the name of a person in his office with whom I could discuss the matter. Early the next day he responded by email that he would try to provide me with an answer as soon as possible.

4. On October 31, my office sent a letter to Defendant Attorney General Harris by email, FAX, and U.S. mail to provide more formal notice. A true and accurate copy of that letter is attached to this declaration as Exhibit 2. I know that it was sent because I was included in the email and I personally removed the cover sheets from our office's facsimile machine and deposited the originals in our office's outgoing mail. Later that same day I emailed a copy of the letter to the same Deputy Attorney General with whom I had exchanged emails as described above.

5. In the October 31 letter, I explained the nature of the challenge, citing a case that had issued a preliminary injunction against a similar state law on the same grounds that we raise in this case, *White v. Baker*, 696 F. Supp. 2d 1289 (N.D. Ga. 2010).

6. I additionally stated that we would be requesting a TRO and asked the state to inform us by November 5 whether it would stipulate to the TRO, and also whether it would

stipulate to provisional class certification and agree that some plaintiffs could proceed anonymously. We also asked for the name and contact information of the attorneys to whom we should address our papers and correspondence in this matter.

7. On November 2, 2012, we notified Defendant City of Alameda that we would be seeking a TRO in this matter and that because Plaintiff Doe lives in that city we will be including it as a defendant. On November 6, I spoke with Senior Assistant Alameda City Attorney Farimah Faiz. We agreed that it would not be necessary to seek interim injunctive relief against the City of Alameda at this time. However, we have not been able to reach any agreement as to the City's position on class certification (provisional or otherwise), or whether Plaintiffs may proceed anonymously, with portions of their declarations filed under seal.

8. On November 5, 2012, around 1:30 p.m., I received a phone call from Deputy Attorney General Robert Wilson, who told me that he had been assigned to the case but was working on a brief in another matter and had not been able to reach any sort of decision about the issues raised in my October 31 letter. We exchanged contact information and agreed to discuss the matter when he had time. I also emailed him a copy of my letter to the Alameda City Attorney; in the body of the email I emphasized that we would like to resolve the issue of filing as Doe plaintiffs and sealing their declarations.

9. On November 6, Deputy Attorney General Wilson and I spoke and corresponded by email about this case.

10. Over the course of these discussions agreed that, because the only state entity or person would be the Attorney General in her official capacity, the Attorney General Office would agree to accept electronic service of the complaint and other papers in the initial filing by email, with paper copies to follow by overnight mail.

11. We also discussed the state's position on whether Plaintiffs would be able to proceed anonymously. The state does not agree that plaintiffs may proceed anonymously or that their true names should be redacted from their declaration, but does agree that their declarations may be redacted so that they do not reveal certain facts of a private or confidential nature.

12. We also discussed the state's position on the scope of any temporary restraining order or preliminary injunctive relief. Specifically, we discussed the possibility of stipulating that any interim relief would apply to all registrants, or to agreeing to provisional certification of a class. However, we were not able to reach any agreement.

13. On November 7, 2012 [6:MTR] at approximately 11:45 P.M. I emailed the documents listed in Exhibit 3 to Mr. Wilson, per our agreement. I emailed them to Ms. Faiz at the Alameda City Attorney's Office ~~immediately thereafter~~ sitem simulateasly MTR. The copies of this declaration that I emailed did not include the time sent or the certification. MR. Wilson advises he is available after 10:30 a.m. on Nov. 7.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 7th day of November, 2012 in San Francisco, California.

Michael T. Risher

1.

---
4
DECLARATION OF MICHAEL T. RISHER