MICHAEL T. RISHER (SB# 191627)
mrisher@aclunc.org
LINDA LYE (SB# 215584)
llye@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

HANNI FAKHOURY (SB# 252629)
hanni@eff.org
LEE TIEN (SB# 148216)
tien@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiffs
JOHN DOE, et al.
on behalf of themselves and others similarly
situated

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, et al., on behalf of themselves and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>KAMALA D. HARRIS, et al.,<br><br>　　　　　Defendants. | Civil Case No. C 12 5713<br><br>**NOTICE OF MOTION AND MOTION AND POINTS AND AUTHORITIES IN SUPPORT OF CLASS CERTIFICATION** |

# NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION

**To Defendants KAMALA HARRIS and CITY OF ALAMEDA:**

**PLEASE TAKE NOTICE** that at the date, time, and location set by the Court for the Hearing on Plaintiffs' Motion for a Temporary Restraining Order, or as soon thereafter as counsel may be heard, in the United States District Court for the Northern District of California, Plaintiffs, individually and on behalf of all others similarly situated, will and do hereby move under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure for an order certifying the following class for the purposes of injunctive and declaratory relief:

> All persons who are required to register under California Penal Code § 290, including those whose duty to register arises after the class has been certified.

Plaintiffs further request that this Court appoint Plaintiffs' counsel to serve as class counsel.

Plaintiffs move for certification because the above-defined Plaintiff class members are so numerous that joinder would be impracticable, there are common questions of law and fact among the class members, the claims of the individual Plaintiffs are typical of those of the class, and the Plaintiffs and their counsel will fairly and adequately represent the class interests. Additionally, Defendants have acted or refused to act on grounds applicable to the entire class, rendering declaratory and injunctive relief appropriate to the class as a whole.

This Motion is based on the following Memorandum of Points and Authorities, the Declarations of Class Counsel Linda Lye and Lee Tien in Support of Plaintiffs' Motion for Class Certification; the Declarations of John Doe, Jack Roe, and Janice Bellucci; and any attached exhibits; the arguments of counsel; and all other relevant pleadings, briefs, and evidence.

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1
II. BACKGROUND .............................................................................................................. 2
III. ARGUMENT .................................................................................................................... 5
    A. Plaintiffs Meet The Standards For Certification Under Rule 23(a) ........................ 6
        1. The Proposed Class Is Sufficiently Numerous ............................................ 6
        2. The Case Involves Questions of Law and Fact Common to All Members of the Proposed Class ........................................................................................ 7
        3. The Named Plaintiffs' Claims Are Typical of the Proposed Class They Seek To Represent ................................................................................................. 8
        4. Plaintiffs Roe, Doe and California Reform and Their Counsel Will Fairly and Adequately Protect the Interests of the Class ...................................... 9
    B. The Court Should Certify the Proposed Class Under Rule 23(b)(2) ...................... 11
    C. The Court Should Designate Plaintiffs' Counsel as Class Counsel Pursuant to Rule 23(g)(1) ................................................................................................................... 11
IV. CONCLUSION ............................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ........................................................... 14

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) ............................................................. 8, 9

*Califano v. Yamasaki*, 442 U.S. 682 (1979) ........................................................................ 15

*Californians for Disability Rights, Inc. v. Cal. Dept. of Transp.*,
    249 F.R.D. 334 (N.D. Cal. 2008) ....................................................................................... 8

*Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586 (E.D. Cal. 2008) .................... 7

*City of Chicago v. Morales*, 527 U.S. 41 (1999) .................................................................. 11

*College of Dental Surgeons of Puerto Rico v. Connecticut General Life Ins. Co.*,
    585 F.3d 33 (1st Cir. 2009) ............................................................................................... 13

*Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*,
    657 F.3d 936 (9th Cir. 2011) ............................................................................................. 11

*Communities for Equity v. Michigan High School Athletic Assn.*,
    192 F.R.D. 568 (W.D. Mich. 1999) ............................................................................. 12,14

*Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473 (2d Cir. 1995) ................................. 8

*Davis v. Astrue*, 250 F.R.D. 476 (N.D. Cal. 2008) ............................................................... 10

*Doe v. Miller*, 216 F.R.D. 462 (S.D.Iowa 2003) .............................................................. 10, 17

*Elkins v. Dreyfus*, 2010 WL 3947499 (W.D. Wash. Oct. 6, 2010) ........................................ 17

*Elliott v. Weinberger*, 564 F.2d 1219 (9th Cir. 1977) .......................................................... 14

*Ellis v. O'Hara*, 105 F.R.D. 556, 563 (D. Mo. 1985) ........................................................... 15

*Florida Women's Medical Clinic, Inc. v. Smith*, 478 F. Supp. 233 (S.D. Fla., 1979) .......... 15

*Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147 (1982) ..................................................... 11

*Gooding v. Wilson*, 405 U.S. 518 (1972) ............................................................................... 11

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ............................................... 11, 12

*Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909 (9th Cir. 1964) ......................... 8

*Johnson v. City of Opelousas*, 658 F.2d 1065 (5th Cir. 1981) ............................................. 15

*Johnson v. General Motors Corp.*, 598 F.2d 432 (5th Cir. 1979) ........................................ 14

*Jordan v. County of Los Angeles*, 669 F.2d 1311 (9th Cir.1982),
    *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982) ................ 8

*Kincaid v. City of Fresno*, 244 F.R.D. 597, 602 (E.D. Cal. 2007) ......................................... 9

*Melendres v. Arpaio*, --- F.3d ----, 2012 WL 4358727 ........................................................... 2

*Mental Disability Law Clinic v. Hogan*, 2008 WL 4104460
    (E.D.N.Y. Aug. 28, 2008) ............................................................................................ 10, 12

*Meyer v. Portfolio Recovery Associates, LLC*, --- F.3d ----,
    2012 WL 4840814 (9th Cir. 2012) ................................................................................. 3, 17

*National Org. for Women, Inc. v. Scheidler*, 267 F.3d 687 (7th Cir. 2001),
   rev'd sub nom. on other grounds, 537 U.S. 393 (2003)..................13
*People v. Archer*, 98 Cal.App.4th 402 (2002)..................4
*People v. Newton*, 9 Cal.App.3d Supp. 24 (1970)..................4
*People v. Rylaarsdam*, 130 Cal.App.3d Supp. 1 (1982)..................4
*Rannis v. Recchia*, 380 Fed.Appx. 646 (9th Cir. 2010)..................8
*Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010)..................8, 9, 11, 14
*Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*,
   130 S.Ct. 1431 (2010)..................7
*Stewart v. Waller*, 404 F. Supp. 206 (N.D. Miss. 1975)..................15
*Tefel v. Reno*, 972 F.Supp. 608 (S.D. Fla. 1997)..................17
*Upper Valley Assn. for Handicapped Citizens v. Mills*, 168 F.R.D. 167 (D. Vt. 1996)..................13
*Walters v. Reno*, 145 F.3d 1032 (9th Cir. 1998)..................14

**Constitutional Provisions**

Cal. Const., Art. II, §10(a)..................4

**Statutes**

California Penal Code § 290..................2, 7, 14

**Rules**

Fed. R. Civ. P. 23..................*passim*

**Treatises**

1 Newberg on Class Actions (4th ed. 2002)..................8
7AA Wright and Miller, Fed. Prac. and Proc...................12

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

## I. INTRODUCTION

Plaintiffs bring a facial First Amendment challenge a to a newly enacted California statute that requires everyone who must register under California Penal Code § 290 because of a conviction of a sex-related offense, to comply with overbroad, burdensome, and vague registration requirements pertaining to their usage of the internet. They move for an order pursuant to Rule 23 of the Federal Rules of Civil Procedure, certifying a class of all persons who are required to register under California Penal Code § 290, and appointing Plaintiffs' counsel as counsel for the class.

As set forth in Plaintiffs' accompanying papers in support of a Temporary Restraining Order and Preliminary Injunction, the challenged statute is facially invalid under the First Amendment in the following three ways: (1) it is overbroad because it makes illegal constitutionally protected anonymous speech that can have no possible connection to illegal conduct, such as commenting on newspaper articles; (2) it is not appropriately tailored to any legitimate government interest because it burdens the online speech of tens of thousands of Californians who have never used the internet to commit a crime and will never use the internet for anything other than lawful, constitutionally protected speech; and (3) it violates Plaintiffs' associational rights by requiring the compelled disclosure of the membership of internet discussion groups to which they belong. In addition, the statute violates the Due Process and Equal Protection Clauses. This unconstitutional statute will chill Plaintiffs in the exercise of their constitutionally protected speech. Plaintiffs in this action do not seek damages or individualized relief; they seek declaratory and injunctive relief that would affect the entire proposed class of § 290 registrants, including interim injunctive relief to prevent the irreparable loss of constitutional freedoms. *See, e.g., Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("the deprivation of constitutional rights unquestionably constitutes irreparable injury") (citation and quotations omitted).

This action readily satisfies the requirements for class certification under Rule 23(a) and the requirements of Rule 23(b)(2). First, there are in excess of 73,000 individuals in the class. Second, members of the proposed class share common issues of law because this is a facial constitutional challenge. There are also common issues of fact that bear on their legal claims. Third, Plaintiffs are typical of the class because the statute presents the same constitutional infringements of the First Amendment, Due Process, and Equal Protections rights of all members of the class. Fourth, Plaintiffs are adequate class representative with experienced class action counsel. Finally, this case is appropriate for certification under Rule 23(b)(2) because the class has been or will be subjected to a common set of practices for which plaintiffs seek only injunctive and declaratory relief.

Rule 23 authorizes the Court to certify a preliminary class for the purpose of interim injunctive relief and to make any appropriate changes to that certification later in the litigation. *See* Rule 23(d)(2); *Meyer v. Portfolio Recovery Associates*, LLC, --- F.3d ----, 2012 WL 4840814, at *3-*4 (9th Cir. 2012).

## II. BACKGROUND

Every person in California who has been convicted of a variety of offenses since July 1, 1944, must register as a sex offender for the rest of his or her life. *See* Cal. Penal Code § 290(b).[1] The requirement applies to persons convicted of a number of listed crimes as well as to persons who committed non-registerable offenses "as a result of sexual compulsion or for the purposes of sexual gratification." §§ 290(c), 290.006. Registerable offenses include misdemeanor indecent exposure; California appellate courts have upheld convictions, and the registration requirement, for such offenses for nude erotic dancing on a stage in a bar,[2] exposing oneself during an incident of road rage,[3] or exposing oneself to an undercover officer who the defendant thought was interested in engaging in sexual activity.[4]

---

[1] All statutory references unless otherwise stated are to the California Penal Code.
[2] *People v. Newton*, 88 Cal.Rptr. 343 (Cal. Ct. App. 1970).
[3] *People v. Archer*, 119 Cal.Rptr.2d 783 (Cal. Ct. App. 2002)
[4] *People v. Rylaarsdam*, 181 Cal.Rptr. 723 (Cal. Ct. App. 1982). *See generally* Nunez v. Holder, 594 F.3d 1124 (9th Cir. 2010).

2

According to the California Department of Justice, California currently has over 73,900 registrants, not including persons who are in custody or have been deported. *See* Bellucci Decl., ¶3.

On November 6, 2012, California voters adopted Proposition 35, which requires all § 290 registrants to disclose two sets of information: "A list of any and all Internet identifiers established or used by the person," § 290.015(4), and "[a] list of any and all Internet service providers used by the person." § 290.015(5).

All 73,900 current registrants are required to disclose this information "immediately" once Proposition 35 takes effect, meaning the day after the election. § 290.014(b); *see also* Cal. Const., Art. II, §10(a) ("An initiative statute or referendum approved by a majority of votes thereon takes effect the day after the election unless the measure provides otherwise."). They must also report any additions or changes to this list within 24 hours of such addition or change, as well as at their annual registration. *Id.* The stated purpose of the law is to "allow law enforcement to track and prevent online sex offenses and human trafficking." CASE Act § 3(3) (uncodified purpose and intent).[5]

Plaintiff California Reform Sex Offender Laws ("California Reform") is a tax-exempt, non-profit organization dedicated to protecting the rights of individuals convicted of sex-related offenses. Bellucci Decl, ¶¶3-4. It is committed to the principles that no sexual abuse is ever acceptable; sex offense laws and policies should be based on sound research, not fear and panic; current laws and policies that paint all sex offenders with one broad brush are counterproductive; and that sex-offender registration and residency laws do not protect children but instead ostracize and dehumanize individuals and their families. *See id.*, ¶4. It has 352 members who are registrants in the state of California. *See id.*, ¶¶2-6. California Reform maintains a website on which it informs its members and the public about legal and policy issues affecting registrants for the purpose of encouraging political and social change on these issues. *See id.*, ¶7. The site also provides a discussion forum that allows anonymous commentary on issues affecting registrants. In

---

[5] The text of the initiative is available on the website of Defendant Attorney General at http://ag.ca.gov/cms_attachments/initiatives/pdfs/i1002_11-0059_(human_trafficking).pdf.

response to encouragement by California Reform that registrants attend a particular Anaheim City Council meeting, one registrant recently commented: "I wish I had the courage to do so. ... After the first post I made [on this website] I waited in anxiety for the police to come knocking at my door. ... I would be afraid to post here anymore and this is the only place I have been able to share a few of my thoughts." *See id.*, ¶11. As evidenced by this comment, registrants would be chilled from commenting on Plaintiff California Reform's discussion forum website if they were required to reveal their identities and the CASE Act would thus interfere with Plaintiff California Reform's ability to provide a forum for registrants to express their views. *See id.*, ¶15.

Plaintiff Jack Roe is a § 290 registrant who was convicted before 1993 of two registerable offenses. Roe Decl., ¶3. Neither crime involved use of the internet or a computer and since he was released from prison in the late 1990s, he has had no arrests or convictions. *See* Roe Decl., ¶¶3-4. In the two decades since his most recent conviction, he has rebuilt his life. He now owns a successful internet-based business and routinely uses websites that require usernames as part of this business. *See id.*, ¶¶6-10. He also anonymously maintains a blog; users can also comment anonymously on the blog. *See id.*, ¶12. Anonymity is essential to that blog because it protects him from retaliation against those would be upset about the information revealed on the blog. *See id.*, ¶13. Plaintiff Roe also comments regularly on online news articles; he does so anonymously to express his true opinions about oftentimes controversial topics to avoid any consequences to his business. *See id.*, ¶14. He is concerned about the burdens of complying with the CASE Act, in particular, the difficulty of accurately recalling and compiling a list of each and every username or online account he has used since he was released from prison in the late 1990s. *See id.*, ¶21.

Roe has previously experienced retaliation against him on the basis of his status as a registered sex offender. *See id.*, ¶¶19, 20. When California made sex offender information available to the public in 2004, neighbors confronted him about his status and business competitors broadcast his status to the community, ruining the company he had previously established. *See id.*,

¶19. As a result of the social stigma associated with his status and the past retaliation he has suffered, Plaintiff Roe would stop engaging in online speech. *See id.*, ¶22.

Plaintiff John Doe is a 75-year old registrant who was convicted 26 years ago, in 1986, of two crimes that did not involve a computer or the Internet. He has had no subsequent arrests or convictions. *See* Doe Decl., ¶¶2-4. In the 21 years since he was released from prison, he has worked hard to repay his debt to society. He is an activist on sex offender issues, working with victims groups, treatment professionals, and sex offenders. *See id.*, ¶¶5-7. From 2000 until earlier this year, when he was given a severe health diagnosis, he operated two websites that provided offenders with information about registration requirements and recovery resources. *See id.*, ¶8. His websites also provided an anonymous online forum for sex offenders to discuss their recovery with other sex offenders. Anonymity was key to the online discussions so that offenders would feel free to express themselves openly without fear of retaliation or community embarrassment. *See id.*, ¶¶8-9. Recently, his health has improved, and he now wishes to resume operating his websites and return to his activism on issues affecting the offender community. *See id.*, ¶11-12. Proposition 35 will interfere with his ability to provide offenders with an essential forum to communicate with each other freely and anonymously about sensitive subjects such as their recovery, or registration requirements. In addition, he has contributed to a wide variety of online forums over the years and compiling a comprehensive list of all those sites, as Prop. 35 requires, would be highly burdensome and will act as a deterrent to his own participation in online anonymous speech. *See id.*, ¶¶13-15.

### III.   ARGUMENT

In this facial constitutional challenge to a statutory requirement that applies uniformly to all members of the proposed class, Plaintiffs easily satisfy the requirements for class certification. Federal Rule of Civil Procedure 23 governs class actions in federal court, and a plaintiff whose suit that meets the requirements of that Rule has a "categorical" right "to pursue his claim as a class action." *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 130 S.Ct. 1431, 1437

(2010). To meet these requirements, the "suit must satisfy the criteria set forth in subdivision (a) (*i.e.*, numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b)." *Id.* (citing Rule 23).

As an initial matter, Plaintiffs have sufficiently defined the proposed class. A party seeking class certification must provide an "adequate class definition"; *i.e.*, one that "specifies 'a distinct group of plaintiffs whose members [can] be identified with particularity.'" *Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586, 593 (E.D. Cal. 2008) (citation omitted). Plaintiffs' proposed class definition -- All persons who are required to register under California Penal Code § 290, including those whose duty to register arises after the class has been certified – easily meets this standard: the government knows who is required to register, and every person who is required to register necessarily knows this fact, as failure to do so is a crime. In addition, a class is properly defined as all persons who are subject to a particular statute. *See Rodriguez v. Hayes*, 591 F.3d 1105, 1113 (9th Cir. 2010).

### A. Plaintiffs Meet The Standards For Certification Under Rule 23(a)

#### 1. The Proposed Class Is Sufficiently Numerous

Rule 23(a)(1) requires a finding that the proposed class is so numerous that "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticability" means "difficulty or inconvenience of joining all members of the class"—it does not mean "impossibility." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (quotations omitted); *accord Rannis v. Recchia*, 380 Fed.Appx. 646, 650-51 (9th Cir. 2010). "In general, courts find the numerosity requirement satisfied when a class includes at least 40 members." *Id.* at 651 (upholding class of 20) (citation omitted); *see, e.g., Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995); *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1319-20 (9th Cir.1982), *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982). *Californians for Disability Rights, Inc. v. Cal. Dept. of Transp.*, 249 F.R.D. 334, 346-47 (N.D. Cal.

2008); 1 Newberg on Class Actions (4th ed. 2002) § 3.5 at 247 ("[A]s few as 40 class members should raise a presumption that joinder is impracticable.").

Plaintiffs' proposed class comprises the almost 74,000 individuals who are subject to the new law because they must register under § 290 and are not currently incarcerated or deported. *See* Bellucci Decl., ¶3. This number "reflects the total number of registrants living in the community. This number does not include the number of registrants that are Incarcerated or Deported." *Id.* On the basis of class size alone,[6] plaintiffs demonstrate impracticability of joinder and satisfy the numerosity requirement.

### 2. The Case Involves Questions of Law and Fact Common to All Members of the Proposed Class

Next, "questions of law or fact common to the class" must exist before a representative may prosecute his claims on behalf of a plaintiff class. Fed. R. Civ. P. 23(a)(2). A "single issue common to the class" satisfies this requirement. *Kincaid v. City of Fresno*, 244 F.R.D. 597, 602 (E.D. Cal. 2007); *see Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010). "[I]n a civil-rights suit... commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) (citations omitted). Thus, a facial challenge to a statute will always satisfy the commonality requirement. *See, e.g., Davis v. Astrue*, 250 F.R.D. 476, 488 (N.D. Cal. 2008) ("because plaintiff has brought this action as a facial attack to [defendants'] policies ..., common questions of law and fact exist"); *Mental Disability Law Clinic v. Hogan*, 2008 WL 4104460, *22 (E.D.N.Y. Aug. 28, 2008) ("Since plaintiff is challenging the facial validity of Kendra's law, as opposed to its application, commonality and typicality are satisfied."); *Doe v. Miller*, 216 F.R.D. 462, 465 (S.D.

---

[6] Many other factors also make class treatment appropriate. *See* Newberg on Class Actions § 3.6 (4th ed. 2002) ("Factors relevant to the joinder impracticability issue include judicial economy arising from avoidance of a multiplicity of actions, geographic dispersement of class members, size of individual claims, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members.").

7
NOTICE OF MOTION AND MOTION AND POINTS AND
AUTHORITIES IN SUPPORT OF CLASS CERTIFICATION
Case No.: _____

Iowa 2003) (commonality established in facial constitutional challenge to residency requirement applicable to class of sex offenders).

Commonality exists here because this suit challenges a statute that applies uniformly to every class member, requiring each of them to submit his internet-identifiers to the police. Common questions of law include the following: whether the statute is facially overbroad in violation of the First Amendment because it prohibits constitutionally protected anonymous online speech; whether the statute is facially overbroad in violation of the First Amendment because it imposes on all online speech by registrants burdensome registration requirements that are not narrowly tailored to the Act's stated goals; and whether the terms "internet identifier" and "internet service provider" as used in the statute are unconstitutionally vague under the Fourteenth Amendment. Common questions of fact include the following: whether these new statutes will be effective at addressing the problem that they are meant to address, what the Department of Justice intends to do with the information it is collecting, and how the state plans to implement the new laws.

In light of these crucial common questions of law and of fact, any differences that might exist among class members are irrelevant. See *Rodriguez*, 578 F.3d at 1048-49; *Armstrong*, 275 F.3d at 868.

### 3. The Named Plaintiffs' Claims Are Typical of the Proposed Class They Seek To Represent

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23 (a)(3). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).[7]

---

[7] The "commonality and typicality requirements of Rule 23(a) tend to merge." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 158 (1982).

8
NOTICE OF MOTION AND MOTION AND POINTS AND
AUTHORITIES IN SUPPORT OF CLASS CERTIFICATION
Case No.: _____

Here, every class member, including Plaintiffs John Doe and Jack Roe, as well as each registrant member of Plaintiff California Reform, is subject to the same law requiring registrants to provide the same information to the government. If the law is overly broad or vague it is facially invalid and cannot be enforced against any class member, even if another, more narrowly drawn law could properly impose the same requirements on them. *See City of Chicago v. Morales*, 527 U.S. 41, 55 (1999) (vagueness); *Gooding v. Wilson*, 405 U.S. 518, 520-21 (1972) (overbreadth); *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 944 (9th Cir. 2011) (en banc) (overbreadth). Accordingly, the basis for the named Plaintiffs' claims for relief is, at the very least, "reasonably co-extensive" with the rest of the proposed class. *Hanlon*, 150 F.3d at 1020; *Mental Disability Law Clinic*, 2008 WL 4104460 at *22; *see also Communities for Equity v. Michigan High School Athletic Assn.*, 192 F.R.D. 568, 573 (W.D. Mich. 1999) (where purpose of organizational plaintiff was to achieve gender equity in high school spots and its members alleged the harms in complaint, organization through its membership satisfied typicality and was certified a class representative in gender discrimination suit).

### 4. Plaintiffs Roe, Doe and California Reform and Their Counsel Will Fairly and Adequately Protect the Interests of the Class

Rule 23(a)(4) requires that the class representatives "fairly and adequately protect the interests of the class." The rule is satisfied where, as here: (1) the representatives' claims are sufficiently interrelated to and not antagonistic with the class's claims; and (2) counsel for the representatives are qualified, experienced and generally able to conduct the litigation. *Hanlon*, 150 F.3d at 1020. Here, the interests of the class and Plaintiffs Doe, Roe, and California Reform are identical: to prevent the government from using a facially unconstitutional law to force them to turn over information about their internet identifiers and ISPs.

The Plaintiffs have affirmed their willingness to undertake the responsibilities of serving as class representatives. Plaintiffs understand the fiduciary obligations of a class representative in a class action and intend to represent fairly and adequately the interests of the proposed class in this

case, regardless of whether this case is resolved by settlement or trial. *See* Doe Decl, ¶17; Roe Decl., ¶24; Bellucci Decl., ¶17. Moreover, the focus of this litigation is the grant of broad injunctive and declaratory relief that will benefit the entire proposed class. None of the Plaintiffs seeks personal damages or other individualized benefit to the exclusion of other class members. *See* Complaint (Prayer for Relief). In light of the relief Plaintiffs seek, there is simply no possibility of collusion or conflicts with the interests of the proposed class.

In addition, Plaintiff California Reform, an organization dedicated to defending the rights of sex-offenders in general, including its 352 members who are registered sex offenders, is an appropriate class representative in this action challenging the CASE Act's infringement on offenders' constitutional rights. Organizations "are afforded representative status" where, as here, "the underlying purpose of the organization is to represent the interests of the class." *Upper Valley Assn. for Handicapped Citizens v. Mills,* 168 F.R.D. 167, 171 (D. Vt. 1996) (certifying organization to represent interests of its members in class action disability rights lawsuit); *see also College of Dental Surgeons of Puerto Rico v. Connecticut General Life Ins. Co.,* 585 F.3d 33, 40 (1st Cir. 2009) ("an association can bring a class action on behalf of its members in a case (like this one) that seeks class-wide injunctive or declaratory relief"); *National Org. for Women, Inc. v. Scheidler,* 267 F.3d 687, 708 (7th Cir. 2001) (district court did not abuse discretion in certifying National Organization for Women as representative of class of women whose right to seek abortion would be affected by defendants), *rev'd sub nom. on other grounds,* 537 U.S. 393 (2003); *Communities for Equity,* 192 F.R.D. at 573, 575 (certifying gender equity organization to represent class in gender discrimination suit).

Counsel are experienced civil rights attorneys and have the resources, expertise, and prior class action experience to prosecute this action vigorously on behalf of the class. *See* Lye Decl. ISO Class Certification, ¶¶2-5; Tien Decl. ISO Class Certification, ¶¶2-4.

Accordingly, Plaintiffs and their counsel clearly satisfy the requirements of Rule 23(a)(4).

### B. The Court Should Certify the Proposed Class Under Rule 23(b)(2)

In addition to meeting the requirements of Rule 23(a), the proposed class must also satisfy one of the Rule 23(b) categories. Rule 23(b)(2) is an appropriate basis for certification when a defendant "has acted or refused to act on grounds that apply generally to the class," thereby allowing declaratory and injunctive relief with respect to the class as a whole. Fed. R. Civ. P. 23(b)(2); *see Rodriguez*, 591 F.3d at 1125-26. Civil rights cases such as this one "are prime examples" of Rule 23(b)(2) classes. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Indeed, Rule "23(b)(2) was adopted in order to permit the prosecution of civil rights actions." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998); *see also Johnson v. General Motors Corp.*, 598 F.2d 432, 435 (5th Cir. 1979); *Elliott v. Weinberger*, 564 F.2d 1219, 1229 (9th Cir. 1977) (action to enjoin allegedly unconstitutional government conduct is "the classic type of action envisioned by the drafters of Rule 23 to be brought under subdivision (b)(2)"), *aff'd in pertinent part sub nom.*, *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979)).

Thus, courts routinely grant motions for class certification in cases challenging the constitutionality of a statute.[8] The aim of this suit is to overturn a law that affects equally all class members. Class certification is thus proper under Rule 23(b)(2).[9]

### C. The Court Should Designate Plaintiffs' Counsel as Class Counsel Pursuant to Rule 23(g)(1)

Pursuant to class certification, a court must appoint class counsel. Fed. R. Civ. P. 23(g)(1). Class counsel is then listed in the class certification order. Fed. R. Civ. P. 23(c)(1)(B). The Federal Rules list four factors the court must consider in appointing class counsel: (1) the work

---

[8] *See, e.g., Johnson v. City of Opelousas*, 658 F.2d 1065 (5th Cir. 1981); *Ellis v. O'Hara*, 105 F.R.D. 556, 563 (D. Mo. 1985); *Florida Women's Medical Clinic, Inc. v. Smith*, 478 F. Supp. 233, 234 (S.D. Fla., 1979); *Stewart v. Waller*, 404 F. Supp. 206 (N.D. Miss. 1975); 7AA Wright and Miller, Fed. Prac. and Proc. § 1776.1 nn. 1-4.

[9] Certification would also be proper under Rule 23(b)(1)(B), because "an action challenging a statutory requirement brought on behalf of all those affected by the provision may be maintained under clause [(b)](1)(B) since an adjudication of the statute's validity might well be dispositive as to all class members." 7AA Wright and Miller, Fed. Prac. and Proc. § 1774, text accompanying n. 26 (footnote omitted) (collecting cases).

counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23 (g)(1)(A)(i)-(iv).

Pursuant to these four factors, Plaintiffs' counsel qualify for appointment as class counsel. The extensive papers which Plaintiffs have filed concurrently herewith illustrate the significant effort Plaintiffs' counsel have invested in identifying and investigating potential claims in this action. As discussed above (*see* Section III.B.4, *supra*), Plaintiffs' counsel have extensive knowledge and experience in handling civil rights cases, including class actions and other complex litigation, and have significant expertise litigating the constitutional claims raised in this lawsuit. With regard to the last of the four factors, Plaintiffs' counsel fully intend to commit their resources to fully represent the class in this case. *See* Lye Decl. ISO Class Certification, ¶¶2-5; Tien Decl. ISO Class Certification, ¶¶2-4.

## IV. CONCLUSION

Plaintiffs satisfy all of the requirements of Fed. R. Civ. P. 23(a) and 23(b)(2). Plaintiffs respectfully request that the Court (1) certify the proposed class of "All persons who are required to register under California Penal Code § 290, including those whose duty to register arises after the class has been certified"; (2) approve Plaintiffs John Doe, Jack Roe, and California Reform Sex Offender Laws as class representatives; and (3) appoint Plaintiffs' counsel to represent the class.[10]

---

[10] Plaintiffs respectfully contend that this case is so clearly appropriate for class certification, that the Court can appropriately certify the class at the hearing on Plaintiffs' Motion for a Temporary Restraining Order. *See Miller*, 216 F.R.D. at 473 (granting class certification and TRO); *Elkins v. Dreyfus*, 2010 WL 3947499 (W.D. Wash. Oct. 6, 2010) (same). Defendants would not suffer any prejudice from this approach because the Court can always revisit class certification if Defendants articulate a basis for doing so at a subsequent stage of the litigation. *See* Fed. R. Civ. P. 23(d)(2). In the alternative, the Court can certify the class provisionally, for purposes of interim injunctive relief. *See Meyer v. Portfolio Recovery Associates, LLC*, _F.3d_, 2012 WL 4840814 (9th Cir. 2012) (affirming district court's grant of provisional class certification for purposes of preliminary injunction); *Tefel v. Reno*, 972 F.Supp. 608, 618, 620 (S.D. Fla. 1997) (granting motions for provisional class certification and temporary restraining order).

DATED: November 7, 2012

Respectfully submitted,

By: /s/ Michael T. Risher

Michael T. Risher
Linda Lye
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Hanni Fakhoury
Lee Tien
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiffs
JOHN DOE, *et al.*, on behalf of themselves
and others similarly situated