1   MICHAEL T. RISHER (SB# 191627)
    mrisher@aclunc.org

2   LINDA LYE (SB# 215584)
    llye@aclunc.org

3   AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF NORTHERN CALIFORNIA, INC.

4   39 Drumm Street
    San Francisco, CA 94111

5   Telephone: (415) 621-2493
    Facsimile: (415) 255-8437

6

7   HANNI FAKHOURY (SB# 252629)
    hanni@eff.org

8   LEE TIEN (SB# 148216)
    tien@eff.org

9   ELECTRONIC FRONTIER FOUNDATION
    454 Shotwell Street

10  San Francisco, CA 94110
    Telephone: (415) 436-9333

11  Facsimile: (415) 436-9993

12

    Attorneys for Plaintiffs

13  JOHN DOE, *et al.*
    on behalf of themselves and others similarly

14  situated

15

                **UNITED STATES DISTRICT COURT**

16

          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

17

18  JOHN DOE, *et al.*, on behalf of themselves and   )
19  others similarly situated,             )  Civil Case No. _____

                                  )

20          Plaintiffs,               )  **ADMINISTRATIVE MOTION FOR**
                                    )  **LEAVE TO PROCEED**

21       v.                       )  **ANONYMOUSLY AND TO FILE**
                                    )  **PORTIONS OF DECLARATIONS**

22  KAMALA D. HARRIS, *et al.*,         )  **UNDER SEAL**
                                    )

23         Defendants.             )

24                                     )

25  _____)

26

27

28

FILED

2012 NOV -7  A 10: 04

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

C 12 5713

TEH

Plaintiffs move pursuant to Local Rule 7-11 and 79-5(c) for leave to allow Plaintiffs John Doe and Jack Roe to proceed in this litigation anonymously and to file portions of their declarations in support of the Temporary Restraining Order and Preliminary Injunction under seal.[1] Plaintiffs challenge Proposition 35, which infringes on, among other rights, their constitutional right to engage in anonymous speech. Leave to proceed anonymously and to seal portions of their declarations that would reveal their identity should be granted for two separate and independent reasons. First, anonymity is necessary to protect the privacy rights this lawsuit seeks to vindicate. Requiring Plaintiffs to reveal their identities publicly would inflict the very harm from which Plaintiffs seek relief. Second, Plaintiffs belong to a group – individuals with convictions classified as "sex offenses" – whose members face retaliation. In light of these unique concerns, courts routinely permit sex offenders challenging laws that affect them to proceed anonymously. *See, e.g., Doe v. Nebraska*, --- F.Supp.2d ----, 2012 WL 4923131 (D. Neb. 2012); *Doe v. Shurtleff*, 2008 WL 4427594 (D. Utah Sept. 25, 2008) ("*Shurtleff I*"), order vacated after law amended, 2009 WL 2601458 (D. Utah Aug 20, 2009) ("*Shurtleff II*"), aff'd, 628 F.3d 1217 (10th Cir. 2010); *Doe v. Miller*, 216 F.R.D. 462, 465 (S.D. Iowa 2003); *Paul P. v. Farmer*, 80 F.Supp.2d 320, 326 (D.N.J. 2000) (allowing Plaintiff sex offenders challenging Megan's Law to file documents under seal).

## FACTUAL BACKGROUND

Plaintiff John Doe is a 75-year old § 290 registrant who has not been arrested since he was convicted 26 years ago. *See* Doe Dec. ¶¶2-4, 11-16. For 12 years, he operated two websites that are dedicated to sex offender recovery and include anonymous online forums for sex offenders to speak openly to one another without fear of retaliation or embarrassment. *See id.* ¶¶8-11. After his doctors gave him a dire diagnosis earlier this year, he stopped his speech activities, but his health has since improved, and he now wishes to revive his websites. But he is reluctant to pursue this litigation if his name will be revealed. *See id.* ¶¶12, 16-17. He currently lives in close quarters with others, and is concerned that potential publicity about his role in this suit could lead to retaliation from them, or cause them embarrassment and discomfort. *See id.*, ¶¶16.

---

[1] The organizational plaintiff, California Reform Sex Offender Laws, does not seek leave to do so.

1       Plaintiff Jack Roe is a § 290 registrant who was convicted of two registerable offenses
2 before 1993, neither of which involved the internet or a computer. *See* Roe Dec. ¶¶3-4. He was a
3 victim of sexual abuse when he was a child. *See id.* ¶4. Since his release from prison in the late
4 1990s, he has had no arrests or convictions, and has purchased his own home and established a
5 successful internet-based business for which he must routinely use websites that require usernames.
6 *See id.* ¶¶3-10. He regularly comments anonymously on online news articles and maintains an
7 anonymous blog that discusses matters of public concern; anonymity allows him to express
8 controversial opinions while protecting his business and prevents him from retaliation from those
9 who would be upset about the information revealed on his blog. *See id.* ¶¶12-14. Roe has
10 previously experienced retaliation: When California made sex offender information public in 2004,
11 neighbors confronted him and business competitors broadcast his status to the community, ruining
12 the company he had previously established. *See id.* ¶19. Many other registrants have lost their
13 jobs or homes when their offender status was disclosed by the police. Steen Dec. ¶¶3-4. Given
14 this retaliation, and his concerns about Prop. 35, Roe has left the state, but will return to California
15 if it does not go into effect. *See id.* ¶24; Supp Roe Dec. ¶¶5-6. He has brought this lawsuit to
16 vindicate his privacy rights while speaking on the internet, but his participation hinges in large part
17 on proceeding anonymously, out of concern about the impact on his business. *See id.* ¶¶23-25.

18       Prior to the filing of this lawsuit, Plaintiffs contacted Defendants, indicated they would be
19 challenging Prop. 35, and requested Defendants' consent to Plaintiffs' request to proceed
20 anonymously in this litigation and to file portions of Plaintiffs' declarations under seal. Defendant
21 Harris does not agree that Plaintiffs may proceed anonymously or that their true names should be
22 redacted from their declaration, but does agree that their declarations may be redacted so that they
23 do not reveal certain facts of a private or confidential nature. *See* Risher Dec. ¶11.

24                            **LEGAL STANDARD**

25       Although Federal Rule of Civil Procedure 10(a) requires that the title of a complaint
26 "include the names of all the parties," the Ninth Circuit has held "that a party may preserve his or
27 her anonymity in judicial proceedings in special circumstances when the party's need for
28 anonymity outweighs prejudice to the opposing party and the public's interest in knowing the

1  party's identity." *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir.
2  2000) ("*Advanced Textile*"). Special circumstances exist in the following three situations:

3  "(1) when identification creates a risk of retaliatory physical or mental harm," "(2) when
4  anonymity is necessary 'to preserve privacy in a matter of [a] sensitive and highly personal
5  nature,'" "and (3) when the anonymous party is 'compelled to admit [his or her] intention to
6  engage in illegal conduct, thereby risking criminal prosecution.'" *Id.* (citations omitted).

7  A "request to preserve … privacy in a matter of a sensitive and highly personal nature"
8  requires plaintiffs to "show that their need for anonymity outweighs prejudice to the opposing party
9  and the public's interest in knowing the party's identity." *Dept. of Fair Employment and Housing*
10  *v. Law School Admission Council, Inc.,* 2012 WL 3583023, *3 (N.D. Cal. Aug. 20, 2012)
11  ("*DFEH*"). But where the request for anonymity turns on the need to "shield the anonymous party
12  from retaliation," a court must evaluate "(1) the severity of the threatened harm; (2) the
13  reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such
14  retaliation." *Advanced Textile,* 214 F.3d at 1068 (citations omitted); *see also Doe v. Kamehameha*
15  *Schools/Bernice Pauahi Bishop Estate,* 596 F.3d 1036, 1042 (9th Cir. 2010) (also requiring
16  consideration of prejudice to opposing party and public interest). These factors apply only where
17  the need for anonymity turns on retaliation, and not where the harm is to privacy interests. *See*
18  *DFEH,* 2012 WL 3583023 at *3; *Doe v. Penzato,* 2011 WL 1833007 (N.D. Cal. May 13, 2011).

19  Where anonymity is appropriate, courts permit pleadings with identifying information to be
20  filed under seal. *See, e.g., Digital Sin, Inc. v. Does 1-5698,* 2011 WL 5362068 *5 (N.D. Cal. Nov.
21  4, 2011); *see also IO Group, Inc. v. Does 1-19*, 2010 WL 5071605 *3 (N.D. Cal. Dec. 7, 2010)
22  (authorizing Doe defendant to file declaration under seal and stating that Court will treat
23  information as confidential until court rules on motion for leave to proceed anonymously).

24  **ARGUMENT**

25  **I.  Anonymity Is Necessary To Protect Plaintiffs' Privacy Rights**

26  The individual Plaintiffs should be permitted to proceed anonymously to vindicate the
27  privacy rights they seek to vindicate in this lawsuit.

28  In *Penzato,* a case involving human trafficking, sexual battery, and invasion of privacy, the

plaintiff requested leave to proceed anonymously; "without the ability to [do so], her injury would be exacerbated." 2011 WL 1833007 at *2. A court of this District granted leave to avoid "additional invasion of [plaintiff's] privacy." *Id.* at *4 (quoting plaintiff's declaration). Similarly, in *DFEH,* another court of this District granted leave for three plaintiffs to proceed anonymously in a case challenging the failure of the Law School Admission Council to accommodate their disabilities. The plaintiffs had various medical conditions which they were concerned would result in "social stigmatization" and "loss of standing in the legal community." 2012 WL 3583023 at *2. The court held that although the "threat of social stigmatization" did "not reach the same level of severity that prior courts have deemed sufficient," the balance still tipped in favor of anonymity: "the public's interest in open judicial proceedings" was sufficiently satisfied by the presence of other publicly identified plaintiffs, and defendant could not establish prejudice where plaintiffs were willing to address discovery concerns through a protective order. *Id.* at *3, *5.

Like the plaintiffs in *DFEH* and *Penzato,* Plaintiffs here seek to "preserve their privacy." *DFEH,* 2012 WL 3583023 at *3; *see also United States v. Doe,* 655 F.2d 920, 922 n.1 (anonymity appropriate "to protect a person from harassment, injury, ridicule or personal embarrassment"); *John Doe 140 v. Archdiocese of Portland in Oregon,* 249 F.R.D. 358, 361 (D. Or. 2008) (same).

Plaintiffs' privacy interests are particularly strong, not only because Plaintiff Roe is himself a survivor of sexual abuse, *see id.* at 361, but also because this lawsuit seeks to vindicate their constitutional right to anonymous speech. *See McIntyre v. Ohio Elections Comm.,* 514 U.S. 334, 357 (1995). In order to protect the marketplace of ideas, the First Amendment protects Plaintiffs' right to privacy while contributing to public discourse. *See In re Anonymous Online Speakers,* 661 F.3d 1168, 1173 (9th Cir. 2011). Prop. 35 would require Plaintiffs to reveal the identifiers they use when speaking on the internet. Forcing Plaintiffs to proceed without pseudonyms would "exacerbate[]" the very injuries this lawsuit seeks to prevent. *Penzato,* 2011 WL 1833007 at *2.

While Plaintiffs' need for anonymity is great, prejudice to Defendants is negligible to non-existent. This case is a facial challenge to the constitutionality of Prop. 35 and will turn largely on legal issues. Defendants do not need to take discovery of the individual Plaintiffs to defend this lawsuit, but to the extent such need might arise at future stages of the litigation, Plaintiffs would be

1  willing "to mitigate any potential discovery hardship through an appropriately framed protective
2  order." *See DFEH*, 2012 WL 3583023 at *5 (defendant did not face risk of serious prejudice).

3           Further, the public interest would be served by granting this motion. First, the public
4  interest is served by resolving suits involving constitutional violations to be resolved on the merits;
5  "[a]ction that may chill a party's willingness to litigate constitutional issues and violations of
6  statutes is generally considered against public policy." *See A.B.T. v. United States Citizenship and*
7  *Immigration Services*, 2012 WL 2995064 *6 (W.D. Wash. July 20, 2012) (granting motion to
8  proceed anonymously). Second, the public interest in open proceedings is adequately served
9  because the organizational plaintiff is publicly named. *See* Complaint; *DFEH*, 2012 WL 3583023
10 at *4 (public interest served where other plaintiffs proceeded with real names).

11 **II.      Anonymity Is Necessary To Protect Plaintiffs From Retaliation**

12          Anonymity is appropriate for the independent reason that Plaintiffs face retaliation.
13 Plaintiffs face severe harm. As Plaintiff Roe explains, his very livelihood is at stake; a business he
14 operated was ruined when his offender status was revealed in 2004. *See* Roe Decl., ¶ 19; *see*
15 *Advanced Textile*, 214 F.3d at 1071 (harm severe where plaintiffs faced being fired and blacklisted;
16 proof of physical injury not required). His experience is hardly isolated; treatment professionals
17 report that all too often, offenders lose their jobs and homes when information about their status is
18 publicly disclosed. *See* Steen Decl., ¶¶ 3-4. Based on the actual retaliation that Plaintiff Roe and
19 other offenders have suffered, their fears are entirely reasonable. In addition, Plaintiff Roe, "as a
20 survivor of ... sexual abuse" himself, is "peculiarly vulnerable, and his fears regarding [the] risk
21 [of harm] are entirely reasonable." *See John Doe 140*, 249 F.R.D. at 361. Plaintiff Doe is also
22 highly vulnerable to retaliation. He resides with other individuals who may retaliate against him
23 and suffer embarrassment and discomfort. *See* Doe Decl., ¶16.

24          For the reasons above, Defendants would not suffer any prejudice and the public interest
25 would be served by allowing Plaintiffs Doe and Roe to proceed anonymously.

26                                              **CONCLUSION**

27          For the foregoing reasons, the Court should grant the motion to permit Plaintiffs Roe and
28 Doe to proceed in this litigation anonymously and to file portions of their declarations under seal.

ADMIN. MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AND TO FILE PORTIONS OF DECLS UNDER SEAL  5
Case No._____

1

2   DATED: November 6, 2012                    Respectfully submitted,

3                                              By: _____

4
                                               Michael T. Risher
5                                              Linda Lye
                                               AMERICAN CIVIL LIBERTIES UNION
6                                              FOUNDATION OF NORTHERN
                                               CALIFORNIA, INC.
7                                              39 Drumm Street
                                               San Francisco, CA 94111
8                                              Telephone: (415) 621-2493
9                                              Facsimile: (415) 255-8437

10                                             Hanni Fakhoury
                                               Lee Tien
11                                             ELECTRONIC FRONTIER FOUNDATION
                                               454 Shotwell Street
12                                             San Francisco, CA 94110
                                               Telephone: (415) 436-9333
13                                             Facsimile: (415) 436-9993

14
                                               Attorneys for Plaintiffs
15                                             JOHN DOE, *et al.*, on behalf of themselves
                                               and others similarly situated
16

17

18

19

20

21

22

23

24

25

26

27

28

ADMIN. MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AND TO FILE PORTIONS OF DECLS UNDER SEAL 6
Case No._____