IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE, et al.,

    Plaintiffs,

v.

KAMALA D. HARRIS, et al.,

    Defendants.

NO. C12-5713 TEH

<u>ORDER GRANTING
TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW
CAUSE AS TO WHY A
PRELIMINARY INJUNCTION
SHOULD NOT ISSUE</u>

   This matter came before the Court on November 7, 2012, for a telephonic hearing[1] on Plaintiffs' motion for a temporary restraining order ("TRO"). For the reasons set forth below, the motion is GRANTED.

   Plaintiffs John Doe, Jack Roe,[2] and the non-profit organization California Reform Sex Offender Laws bring this action on behalf of present and future California sex offender registrants. Plaintiffs move to enjoin the implementation of several sections of the Californians Against Sexual Exploitation Act ("CASE Act"), which was enacted yesterday by Proposition 35 and takes effect today. *See* Cal. Const. art. II, § 10(a). In particular, Plaintiffs challenge the constitutionality of the newly enacted California Penal Code sections 290.014(b) and 290.015(a)(4)-(6), which require registered sex offenders to "immediately" provide the police with lists of "any and all Internet service providers" and "any and all Internet identifiers established or used" by the registrant. Plaintiffs maintain that they will suffer irreparable harm if these online information reporting requirements are enforced, including violation of their rights to free speech and association under the First Amendment,

---

[1]The hearing was recorded by a court reporter.

[2]The two individual plaintiffs' motion to proceed anonymously is currently pending before the Court.

and due process and equal protection under the Fourteenth Amendment. They now seek a TRO while the Court considers whether to grant a preliminary injunction.

To obtain a TRO, plaintiffs must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of the TRO; (3) the balance of equities tips in their favor; and (4) the issuance of the TRO is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (setting forth standard for preliminary injunction); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction."). A stronger showing on one of these four elements may offset a weaker showing on another. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "'[S]erious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (9th Cir. 2011).

In this case, the Court finds that Plaintiffs have raised serious questions about whether the challenged sections of the CASE Act violate their First Amendment right to free speech and other constitutional rights. In addition, the balance of hardships tips sharply in favor of issuing a TRO. Defendant Harris's counsel represented to the Court that the State would be in no position to enforce the law until March 20, 2013. The harm to Defendants of a TRO therefore appears to be minimal. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("The Defendants cannot be harmed by an order enjoining an action they will not take."). Plaintiffs, by contrast, would suffer the potential loss of their "ability to speak anonymously on the Internet," which is protected by the First Amendment. *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011). Such "loss of First Amendment freedoms . . . unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *see also Klein v. City of San Clemente*, 584 F.3d 1196, 1207 (9th Cir. 2009). Additionally, the Ninth Circuit has "consistently recognized the 'significant public interest'

2

in upholding free speech principles," *Klein*, 584 F.3d at 1208 (9th Cir. 2009), and that "it is always in the public interest to prevent the violation of a party's constitutional rights," *Melendres*, 695 F.3d at 1002 (internal quotation marks and citation omitted). The Court therefore finds that Plaintiffs have satisfied the standard for a TRO.[3]

Accordingly, with good cause appearing, IT IS HEREBY ORDERED that, pending a hearing on whether a preliminary injunction should issue, Defendant Kamala Harris and her officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with her, are HEREBY ENJOINED AND RESTRAINED from implementing or enforcing California Penal Code sections 290.014(b) and 290.015(a)(4)-(6), as enacted by Proposition 35, or from otherwise requiring registrants to provide identifying information about their online speech to the government. Pursuant to the parties' agreement, as represented by counsel at the telephonic hearing, this order applies to all California state and local law enforcement officers and to all members of the putative class, i.e., to all persons who are required to register under California Penal Code section 290, including those whose duty to register arises after the date of this order.[4]

IT IS FURTHER ORDERED that Defendant Harris shall show cause as to why a preliminary injunction should not issue enjoining her and her agents from implementing and enforcing California Penal Code sections 290.014(b) and 290.015(a)(4)-(6) or from otherwise requiring registrants to provide identifying information about their online speech to the government. The Court will construe Plaintiffs' moving papers for a TRO as a motion for preliminary injunction. Plaintiffs shall file a proof of service of their moving papers and this order on or before **November 8, 2012**. Defendants' opposition papers shall be filed on or before **November 13, 2012**, and Plaintiffs' reply shall be filed on or before **November 16,**

---

[3] The Court recognizes that Defendants have not had an opportunity to be fully heard on these issues, and the Court's grant of a TRO shall not be considered any indication of the Court's views of the merits of the issues raised by Plaintiffs or whether, after further briefing, the Court will grant preliminary injunctive relief.

[4] The Court therefore need not reach the question of whether to certify the Plaintiff class at this time. Plaintiffs may, if they wish, renew their motion for class certification as a regularly noticed motion in accordance with the Court's Civil Local Rules.

3

**2012**. The hearing shall be held on **November 20, 2012, at 10:00 AM**, in Courtroom No. 2, 450 Golden Gate Avenue, San Francisco, CA.

Counsel for Defendant Harris represented to the Court at today's hearing that the proponents of Proposition 35 may seek to intervene in this lawsuit. If they successfully move to intervene, then their opposition to Plaintiffs' motion for a preliminary injunction shall also be due on **November 13, 2012**.

The Court sets this expedited briefing schedule based on the requirements of Federal Rule of Civil Procedure 65(b)(2), which provides that a TRO shall expire within fourteen days of the date of entry "unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." The Court encourages the parties to meet and confer to attempt to reach agreement on an extension of the briefing and hearing schedule. The Court will entertain a stipulation and proposed order to do so, provided that the parties agree that the TRO shall remain in effect until at least seven days after the hearing on Plaintiffs' motion for a preliminary injunction. Given Defendant Harris's counsel's representation that the State of California will not be in a position to enforce the law until March 20, 2013, it appears that such an extension would result in no harm to Defendants while having the benefit of allowing the parties and this Court additional time to consider the important issues raised in this case.

Finally, the Civil Local Rules shall govern consideration of Plaintiffs' administrative motion to proceed anonymously. Any opposition or statement of non-opposition shall be filed on or before **November 13, 2012**. *See* Civ. L.R. 7-11(b). The motion will then be deemed submitted on the papers unless otherwise ordered.

**IT IS SO ORDERED.**

Dated: 11/07/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

4