IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE, et al.,

                Plaintiffs,

v.

KAMALA D. HARRIS, et al.,

                Defendants.

NO. C12-5713 TEH

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AND TO FILE DOCUMENTS UNDER SEAL

      Plaintiffs John Doe and Jack Roe, registered California sex offenders, argue that anonymity is necessary to protect their privacy rights and to protect them from retaliation. Concurrent with the filing of the complaint, they filed an administrative motion for leave to proceed anonymously and to file under seal portions of their declarations in support of Plaintiffs' motion for a preliminary injunction.

      Defendants and Proposed Intervenors[1] filed timely responses to Plaintiffs' motion. Defendant City of Alameda does not wish to be heard on the matter. While Defendant Kamala Harris does not concede any of the grounds for the motion, she does not oppose the motion, provided that Plaintiffs provide her with the names and dates of birth of Doe and Roe under a stipulated protective order. Proposed Intervenors oppose Plaintiffs' substantive arguments but "do not object to considering this preliminary injunction motion without further discovery of plaintiffs' identities." Intervenors' Opp'n at 1. Thus, no party or proposed intervenor opposes Plaintiffs' motion to proceed anonymously while the Court considers Plaintiffs' motion for a preliminary injunction, although Proposed Intervenors "would object [to Plaintiffs' proceeding anonymously] should the case proceed any further." *Id.*

---

[1] Daphne Phung and Chris Kelly, the official proponents of the California ballot measure at issue in this lawsuit, seek to intervene as defendants. Their motion for intervention is currently pending before the Court.

Accordingly, with good cause appearing, Plaintiffs' motion is GRANTED IN PART as unopposed. Plaintiffs Doe and Roe may proceed anonymously while the Court considers Plaintiffs' motion for a preliminary injunction, and their declarations may be filed under seal. Plaintiffs shall comply with the conditions as previously agreed to by Plaintiffs and Defendant Harris and ordered by the Court. Nov. 14, 2012 Order at 2-3. If this case proceeds beyond the preliminary injunction stage, the Court will reconsider whether Plaintiffs should be required to proceed under their true identities upon a properly filed motion by Defendants or Proposed Intervenors, if their motion to intervene is granted.

**IT IS SO ORDERED.**

Dated: 11/15/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT