IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE, et al.,

                Plaintiffs,

      v.

KAMALA HARRIS, et al.,

                Defendants.

NO. C12-5713 TEH

ORDER GRANTING MOTION TO INTERVENE

      This case presents a challenge to the constitutionality of the reporting requirements for registered sex offenders that were enacted as part of Proposition 35, the Californians Against Sexual Exploitation Act ("CASE Act"). Daphne Phung and Chris Kelly ("Proponents"), private citizens and proponents of Proposition 35, argue that they are entitled to intervene, or if they are not so entitled, that the Court should permit them to intervene. Proponents' motion came before the Court on December 17, 2012. For the reasons stated below, the Court concludes that Proponents have not established that they have a right to intervene in this action Under Federal Rule of Civil Procedure 24(a), but the Court will permit intervention under Rule 24(b)(1)(B).

**DISCUSSION**

**I.    Intervention as of Right**

      Under Federal Rule of Civil Procedure Rule 24(a), an applicant has a right to intervene in a pending action if four conditions are present: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced*

1  *Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal quotation
2  marks and citation omitted). Although these "requirements are broadly interpreted in favor
3  of intervention," the burden is on the applicant for intervention to establish the presence of
4  each of these four conditions. *Id.*

5  In the present case, the first three conditions are satisfied. Proponents' application
6  was filed just five days after the suit was filed, and its timeliness is undisputed. In addition,
7  under *Prete v. Bradbury*, Proponents have a significant, protectable interest in defending the
8  initiative they helped pass, and an adverse court decision may impair that interest. 438 F.3d
9  949, 954 (9th Cir. 2006).

10 However, Proponents have not sufficiently shown that the Attorney General may not
11 adequately represent their interests. When "the government is acting on behalf of a
12 constituency it represents," a presumption arises that "the government will adequately
13 represent that constituency." *Gonzalez v. Arizona*, 485 F.3d 1041, 1052 (9th Cir. 2007)
14 (internal quotation marks and citation omitted). To overcome this presumption, the applicant
15 must make a "very compelling showing." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th
16 Cir. 2003). "Where parties share the same ultimate objective, differences in litigation
17 strategy do not normally justify intervention." *Id.* Proponents and the Attorney General
18 unquestionably share the same ultimate objective: preventing the issuance of an injunction
19 that would stop the CASE Act from going into effect. To date, the largest difference
20 between the Proponents' position and that of the Attorney General is that the Attorney
21 General did not oppose Plaintiffs' motion to proceed anonymously, whereas Proponents
22 reserved the right to oppose the motion after the Court rules on Plaintiffs' motion for a
23 preliminary injunction. Proponents also point to several arguments they made in their brief
24 opposing Plaintiffs' preliminary injunction motion that the Attorney General did not make,
25 but in which she joined. In light of their shared objective, such minor differences in
26 litigation strategy do not demonstrate the compelling showing necessary to overcome the
27 presumption that the Attorney General will adequately represent Proponents' interests.
28 Consequently, Proponents are not entitled to intervene as of right.

2

## II. Permissive Intervention

When intervention as a matter of right is denied, courts consider whether permissive intervention is appropriate under Rule 24(b)(1)(B). *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). An applicant seeking permissive intervention must establish: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996). The court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

When the above criteria are met, a court has broad discretion to grant or deny permissive intervention. *Dep't of Fair Emp't & Hous. v. Lucent Techs.*, 642 F.3d 728, 740 (9th Cir. 2011). In exercising its discretion, a court generally examines:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] . . . whether the intervenors' interests are adequately represented by other parties, . . . and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler*, 552 F.2d at 1329.

In this case, there is no dispute over the timeliness of Proponents' motion, and Proponents' arguments in defense of the CASE Act address the questions of law and fact at the heart of this action. Plaintiffs argue that Proponents have not shown an independent basis for jurisdiction because they do not have standing under Article III, § 2 of the United States Constitution.[1] However, this is a federal question case in which the party on whose side intervention is sought – the Attorney General – remains in the suit. The Ninth Circuit has held that in such cases, the requirement of independent Article III standing does not apply to proposed intervenors who, like Proponents, do not seek to raise additional claims. *Freedom*

---

[1] However, at oral argument, Plaintiffs acknowledged that this Court had the discretion to grant Proponents' motion. Rep. Tr. at 12:23-25.

3

1 *from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011); *cf. Diamond
2 v. Charles*, 476 U.S. 54, 64 (1986) (observing that under the Supreme Court's Rule 10.4, an
3 intervenor could "ride 'piggyback' on the State's undoubted standing"). Proponents
4 therefore are not required to demonstrate that they have independent Article III standing in
5 order to be permitted to intervene in this action.

6       Even though Proponents have not made a compelling showing that the Attorney
7 General inadequately represents their interests, the Court anticipates that the presence of
8 Proponents in this suit will contribute to the just and equitable resolution of the issues before
9 it. Proponents seek only to ensure that their perspective on the matters at the heart of this
10 litigation are given due consideration; they do not request to bring any counterclaims or
11 cross-claims. As the California Supreme Court has observed, the participation of official
12 proponents in a suit challenging a ballot initiative may help ensure that the interests of the
13 voters who approved the initiative are fully represented and that "all viable legal arguments
14 in favor of the initiative's validity are brought to the court's attention." *Perry v. Brown*, 52
15 Cal. 4th 1116, 1151 (2011). The Court finds that the potential for Proponents to make such
16 contributions outweighs the as yet abstract danger that delay or prejudice to the original
17 parties could result from Proponents' formal participation as intervenors. The Court will
18 therefore grant permissive intervention.

19 **III. Requested Limitations on Participation**

20       Plaintiffs request that, should the Court grant intervention, it prohibit Proponents from
21 litigating issues to which the Attorney General has stipulated and undertaking independent
22 discovery.[2] While courts have broad discretion to define the scope of intervention, "as a
23 general rule, intervenors are permitted to litigate fully once admitted to a suit." *League of
24 United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997); *see also*
25 Charles Alan Wright, et al., *Fed. Practice and Procedure* § 1920 (3d ed. 2012). The Court
26 anticipates that Proponents will coordinate their efforts with the Attorney General to avoid

---

27     [2] Plaintiffs also request that Proponents not be given access to identifying information
28 about Plaintiffs Doe and Roe. Because Intervenors have not yet requested this information, the Court finds it unnecessary to rule on this proposed limitation at this time.

4

unduly burdening Plaintiffs, and it finds no compelling justification for imposing the requested limitations on their participation at this time.

**CONCLUSION**

    For the reasons given above, Proponents' motion to intervene is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: 1/10/2013

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5