JAMES C. HARRISON, State Bar No. 161958
MARGARET R. PRINZING, State Bar No. 209482
REMCHO, JOHANSEN & PURCELL, LLP
1901 Harrison Street, Suite 1550
Oakland, CA  94612
Phone:  (510) 346-6200
Fax:  (510) 346-6201
Email:  harrison@rjp.com
        mprinzing@rjp.com

*Attorneys for Interveners*
*Daphne Phung and Chris Kelly*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE, *et al.*, on behalf of themselves and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>KAMALA D. HARRIS, *et al.*,<br><br>　　　　　Defendants. | No.: C 12-5713 TEH<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>　　　Case Management Conference:<br><br>Date:　July 18, 2016<br>Time:　1:30 p.m.<br>Crtrm.:　12<br><br>(The Honorable Thelton E. Henderson) |

## 1. Introduction and Summary

All parties jointly submit this Joint Case Management Statement (JCMS), as required by this Court's March 9, 2016 order (Dkt. No. 122). This JCMS supplements the JCMS previously filed by the parties on March 30, 2015 (Dkt. No. 113), October 19, 2015 (Dkt. No. 117), and March 9, 2016 (Dkt. No. 121).

This Court's October 26, 2015 order declared that the provisions of state law at issue in this case are unconstitutional but deferred entry of final judgment to allow Intervenors to continue pursuing legislation that may resolve this matter. Dkt. No. 119 at 1. As discussed below, Intervenors are still continuing to pursue that legislation and expect that the State Assembly will take further action on that legislation shortly.

The parties therefore request that the Court continue this matter until on or around Monday October 10, 2016 for a further case management conference.

## 2. Facts and Procedural Background

Plaintiffs filed this class-action lawsuit in 2012, challenging the portions of the newly enacted Proposition 35 that required all persons who must register under California Penal Code section 290 because they have been convicted of sex-related offenses to provide to police their Internet identifiers and the names of their Internet service providers. This Court granted a temporary restraining order, halting enforcement of the law and then a preliminary injunction, prohibiting Defendant from enforcing the challenged portions of the initiative. Dkt. Nos. 36, 78.

After Defendant and Intervenors appealed, this Court stayed the matter pending resolution of the appeal at the request of the parties. Dkt. No. 100 (2/25/2013). The Ninth Circuit affirmed this Court's decision to grant a preliminary injunction on November 18, 2014, and remanded the case back to this Court for further proceedings. Dkt. No. 105; *see Doe v. Harris*, 772 F.3d 563 (9th Cir. 2014). The Ninth Circuit issued its mandate on January 2, 2015. Dkt. No. 107.

As set forth in the parties' prior JCMS, Intervenors then requested a stay of the case to pursue legislation in the California state legislature to address the Court's concerns about the portions of Proposition 35 at issue here. The Court stayed the proceedings until September 15, 2015, set this matter for a case management conference on October 26, 2015, and instructed the parties to file an

updated case management statement "setting forth the terms of any finalized legislation that may resolve the issues in this matter, as well as the parties' positions on whether such legislation does in fact resolve the issues and how to proceed to a final disposition of the case." Dkt. No. 115 at 2.

On June 17, 2015, California Senator Ben Hueso introduced amendments to SB 448 to address this Court and the Ninth Circuit's constitutional concerns regarding Proposition 35. On September 1, 2015, the Senate approved SB 448, but the Assembly was unable to vote on SB 448 before the session closed on September 11, 2015.

On October 26, 2015, by the parties' stipulation, this Court lifted the stay, declared that the provisions of state law at issue are unconstitutional, and deferred entry of final judgment "for a further reasonable time to allow Intervenors to continue pursuing legislation that may resolve this matter." Dkt. No. 119 at 1-2. That Order also requires the parties to update the Court if it becomes apparent that the legislation will or will not be enacted and provides that they will not seek to extend this case beyond the 2015-2016 legislative session. *Id*. at 2.

Intervenors continue to pursue legislation. SB 448 was approved by the Senate on September 21, 2015. On January 4, 2016, the Assembly approved amendments to SB 448 proposed by Senator Hueso and referred the bill to the Assembly Committee on Public Safety. On June 23, 2016, the Assembly Committee on Public Safety approved SB 448 with additional amendments. Intervenors anticipate that the Assembly will vote on the measure shortly.

The current version of SB 448 would not go into effect until January 1, 2017, and would only apply to certain persons who are convicted of a felony on or after January 1, 2017. The parties agree that if enacted in its current form, the new legislation would likely moot this litigation.

Plaintiffs also wish to advise the Court that Plaintiff Doe passed away at age 78 following a long illness. They ask that this be noted on the record and that the action proceed in favor of the remaining plaintiffs under Federal Rule of Civil Procedure 25(a)(2), as indicated in the proposed order.[1]

---

[1] "After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record." Fed. R. Civ. P. 25(a)(2).

JOINT CASE MANAGEMENT STATEMENT &  2
[PROPOSED] ORDER –
NO. C 12-5713 TEH

3. **The Parties' Request**

    For these reasons, the parties request that the Court continue this matter until on or around October 10, 2016, otherwise keeping the provisions of its October 26, 2015 order in effect.

DATED: July 7, 2016                      Respectfully submitted,

                                                  */s/ Michael T. Risher*
                                                  Attorney for Plaintiffs

                                                  */s/ Robert D. Wilson*
                                                  Attorney for Defendant

                                                  */s/ Margaret R. Prinzing*
                                                  Attorney for Interveners

**[PROPOSED] ORDER**

~~This matter came before the Court for a case management conference on July 18, 2016~~. Intervenors have requested additional time to pursue their legislation that may resolve this matter, as discussed in this Court's October 26, 2015 Order (Dkt. No. 119).

Pursuant to stipulation, and for good cause, the Court hereby ORDERS as follows:

1) Entry of final judgment is deferred to allow for a further reasonable time to enable Intervenors to continue pursuing legislation that may resolve this matter.

2) A further case management conference shall be held on October 17, 2016 at 1:30 p.m. in Courtroom 12. The parties shall file an updated joint case management statement no later than seven days prior to the case management conference, providing an update as to the status of Intervenors' proposed legislation and setting forth the parties' views as to the implications for disposition of this case.

3) At any juncture during which this case remains pending and it becomes apparent that Intervenors' efforts to pass legislation are either successful or not successful, the parties will provide a joint update to the Court.

4) The parties shall meet and confer prior to seeking entry of final judgment or bringing any motion.

5) The parties will not seek to extend this case beyond the current 2015-2016 legislative session.

6) Plaintiff Doe had died. The action will proceed in favor of the remaining Plaintiffs under Federal Rule of Civil Procedure 25(a)(2).

IT IS SO ORDERED.

Dated: 7/12/2016

HONORABLE THELTON E. HENDERSON

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER – NO. C 12-5713 TEH      4

**DECLARATION PURSUANT TO LOCAL RULE 5-1(i)(3)**

Pursuant to Local Rule 5-1(i)(3), I declare that concurrence in the filing of this document has been obtained from each of the other signatories.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

Executed on July 7, 2016, in Oakland, California.

*/s/ Margaret R. Prinzing*
Attorney for Interveners

(00281045)