MICHAEL T. RISHER (SB# 191627)
mrisher@aclunc.org
LINDA LYE (SB# 215584)
llye@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

LEE TIEN (SB# 148216)
tien@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiffs
JOHN DOE, *et al.*,
on behalf of themselves and others similarly situated

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, *et. al*, on behalf of themselves and others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>KAMALA D. HARRIS,<br><br>　　　　Defendant,<br><br>　and<br><br>DAPHNE PHUNG; CHRIS KELLY,<br><br>　　　　Intervenors. | Civil Case No. 3:12-CV-05713-TEH<br><br>Stipulation and Joint Request for a Court Order Re: the Parties' Settlement of Plaintiffs' Claim for Costs and Attorneys' Fees<br><br>[Proposed] Order |

## Background

Plaintiffs filed this class-action lawsuit in 2012, challenging the portions of a newly enacted initiative measure that required all persons who must register under California Penal Code § 290 because they have been convicted of sex-related offenses to provide police with their Internet identifiers and the names of their Internet service providers. This Court granted a temporary restraining order halting enforcement of the law and then a preliminary injunction, prohibiting Defendant from enforcing the challenged portions of the initiative, on the grounds that the statute likely violated the First Amendment. Dkt. 36, 78.

After Defendant and Intervenors appealed, this Court stayed the matter pending resolution of the appeal at the request of the parties. Dkt. 100. The Ninth Circuit affirmed this Court's decision to grant a preliminary injunction and remanded the case back to this Court for further proceedings. Dkt. 105; *see Doe v. Harris*, 772 F.3d 563 (9th Cir. 2014).

On October 26, 2015, by the parties' stipulation, this Court declared that the challenged provisions "violate the First Amendment to the United States Constitution and cannot be enforced." Dkt. 119 at 1. It then deferred entry of final judgment to allow Intervenors to pursue legislation that would amend the law in a way that would resolve the matter without further proceedings. *Id.* at 1-2.

On September 28, 2016, the Governor signed into law SB 448, which amends the challenged provisions. Stats. 2016, ch. 772 (SB 448). When it goes into effect on January 1, 2017, SB 448 will significantly narrow the scope of the challenged Internet registration requirement. Most significantly for this case, registration will be required only for people convicted after January 1, 2017 of a limited number of enumerated offenses who used the Internet as part of the crimes. *See* Dkt. 127 at 2-3 (describing law in detail). The parties agree that these changes will moot this litigation.

After the Governor signed this amendment, Plaintiffs and Defendant Harris began meeting and conferring regarding costs and attorneys' fees. *See* Local Rule 54-5(a). Plaintiffs took the position that they are entitled to fees and costs under 42 U.S.C. § 1988 because they obtained a preliminary injunction and a declaration that the challenged provisions are unconstitutional. *See Lefemine v. Wideman*, 133 S. Ct. 9, 11 (2012); *Watson v. Cty. of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002). They also asserted that the fees should fully compensate them for the time they expended,

because they obtained all the relief they requested. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). They provided the Defendant with detailed time records, as well as information regarding their attorneys' rates and the reasonableness of those rates.

On December 7, 2016, Plaintiffs and Defendant advised the Court that they had been meeting regarding fees and that a settlement recommendation was under consideration in Defendant Harris's office. *See* Dkt. 130 at 2. The parties also advised the Court that once Defendant approves a settlement, her office's policies will require that it be reduced to a consent decree, judgment, or other court order before it can be paid, and that Plaintiffs and Defendant therefore contemplate that they will submit a joint request for an order directing Defendant Harris's payment of costs and attorneys' fees pursuant to the parties' settlement. If approved by the Court, Defendant will then request an appropriation for the settlement amount in the California Legislature's next "claims bill." *See id.* The Court granted the requested order. *See* Dkt. 132. It also granted the Parties' joint request that if they reach an agreement, Plaintiffs need not submit the evidence regarding services rendered, counsel's qualification and rates, and attempts to resolve the matter informally that would be required in a contested motion under Local Rule 54-5(b). *Id*.

### The Parties' Request

Plaintiffs and Defendants have now reached an agreement regarding costs and fees and jointly request that the Court enter the following order:

1. Defendant will pay to Plaintiffs a total of $522,611.07 in costs and fees ($715.77 in costs and $521,895.30 in attorneys' fees).
2. This payment will completely satisfy Defendant's obligation to pay costs and fees in this matter; Plaintiffs will not be entitled to any interest.
3. This payment is contingent upon certification of availability of funds, the approval of the Director of the Department of Finance, and the enactment by the Legislature and Governor of a "claims bill" that includes the agreed-upon amount.
4. If the State fails to enact such a bill, or Defendant otherwise fails to pay the agreed-upon amount by June 30, 2017, Plaintiffs retain the right to seek costs, fees, and interest by noticed motion.

5. The time for Plaintiffs to file any motion for costs and fees is extended until August 29, 2017.

DATED: December 27, 2016  Respectfully submitted,

*/s/ Michael T. Risher*
Attorney for Plaintiffs

*/s/ Benjamin M. Glickman*
Attorney for Defendant

### Declaration

I declare under penalty of perjury under the law of the United States that concurrence in the filing of this document has been obtained from each of the other signatories. *See* Local Rule 5-1(i)(3). Executed on December 27, 2016, in San Francisco, California.

*/s/ Michael T. Risher*
Attorney for Plaintiffs

**[PROPOSED]**

**ORDER**

Pursuant to the parties' stipulation, and for good cause, the Court hereby ORDERS as follows:

1. Defendant will pay to Plaintiffs a total of $522,611.07 in costs and fees ($715.77 in costs and $521,895.30 in attorneys' fees).
2. This payment will completely satisfy Defendant's obligation to pay costs and fees in this matter; Plaintiffs will not be entitled to any interest.
3. This payment is contingent upon certification of availability of funds, the approval of the Director of the Department of Finance, and the enactment by the Legislature and Governor of a "claims bill" that includes the agreed-upon amount.
4. If the State fails to enact such a bill, or Defendant otherwise fails to pay the agreed-upon amount by June 30, 2017, Plaintiffs retain the right to seek costs and fees by noticed motion.
5. The time for Plaintiffs to file any motion for costs and fees is extended until August 29, 2017.

IT IS SO ORDERED.

Dated: 1/3/2017                                    _____
                                                   Honorable Thelton E. Henderson